# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES DEAN,

    Plaintiff,

vs.

DOUG GILLESPIE

    Defendants.

Case No. 2:11-CV-01226-JCM-(CWH)

**ORDER**

    Plaintiff has paid the initial partial filing fee. The court has reviewed his civil rights complaint pursuant to 42 U.S.C. § 1983. The court will dismiss one count, and the court will serve the complaint upon defendants for a response to the remaining counts.

    Plaintiff alleges that while he was at religious services, unnamed officers searched his cell, tore his Koran in half, mixed up his legal documents, and took items of personal property such as toothpaste. Counts I and III are claims that the defendants violated the First Amendment, and they are acceptable. Count II is a claim that defendants violated the Fourth Amendment when they searched his cell and took his items. Plaintiff does not have a Fourth Amendment right to be free from searches of his cell. Hudson v. Palmer, 468 U.S. 517, 526 (1984). As for the lost items, plaintiff has alleged an intentional, unauthorized deprivation of his property. Plaintiff could have sued the Las Vegas Metropolitan Police Department, which operates the Clark County Detention Center, in state court. Because this post-deprivation remedy is available, the deprivation of plaintiff's property is not a constitutional violation. Hudson v. Palmer, 468 U.S. at 533; Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S.

1  327 (1986).  Count II fails to state a claim upon which relief can be granted, and the court dismisses
2  it.
3         In count IV, plaintiff alleges that he was transferred to segregated confinement without any
4  explanation.  This count is acceptable.
5         IT IS THEREFORE ORDERED that the clerk of the court file the complaint.
6         IT IS FURTHER ORDERED that count II of the complaint is **DISMISSED** for failure to
7  state a claim upon which relief can be granted.
8         IT IS FURTHER ORDERED that the clerk of the court shall issue summons to the named
9  defendants herein and deliver same with copies of the complaint to the U.S. Marshal for service.
10  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms
11  USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form
12  USM-285 showing whether service has been accomplished, plaintiff must file a notice with the
13  court identifying which defendants were served and which were not served, if any.  If plaintiff
14  wishes to have service again attempted on an unserved defendant(s), then a motion must be filed
15  with the court identifying the unserved defendant(s) and specifying a more detailed name and/or
16  address for said defendant(s), or whether some other manner of service should be attempted.
17  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within
18  one hundred twenty (120) days from the date that the complaint was filed.
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of service.

DATED: October 4, 2011.

_____
JAMES C. MAHAN
United States District Judge